NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  06a0208n.06
Filed:  March 28, 2006

**No. 04-5672**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOHN BEECH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GORDON E. FULLER, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  NELSON, DAUGHTREY, and SUTTON, Circuit Judges.

PER CURIAM.  The plaintiff, John Beech, is a former police officer in Lewisburg, Tennessee, who sued city administrator Gordon Fuller after Beech was terminated from his job, alleging that his right to due process was violated when he was fired without a pre-termination hearing, as provided in the city's employment policy manual.  The district court granted summary judgment to defendant Fuller, finding that the plaintiff was an at-will employee and could be terminated at the city's discretion without a hearing.  For the reasons set out below, we affirm the district court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the plaintiff, when he was terminated from his position as a city police officer in November 2002, Chief of Police Wayne Coomes "gave Beech no reason and, in fact, told Beech there was no[ ] particular reason he was being terminated." Subsequently, however, Beech purportedly discovered that "Chief Coomes told certain persons that he terminated [the plaintiff] for things that [Beech] had done, such as illegally stopping vehicles and planting drugs on people."

Beech then filed suit under 42 U.S.C. § 1983 against Fuller, the city administrator, alleging that Lewisburg's personnel manual, a document entitled "Personnel Policy/Benefit Highlights And Policy Statements," created a property interest in continued employment with the city. Consequently, Beech claimed, the city could not infringe upon that interest without granting the plaintiff a hearing guaranteed by the procedural due process provisions of the Fourteenth Amendment to the United States Constitution. Fuller responded by seeking summary judgment, arguing that the plaintiff was an at-will employee of the city and could be terminated without a hearing at the municipality's discretion.

The district court concurred with the defendant's evaluation of the policy manual. After examining the terms of the document, the district judge concluded that the manual's language did not manifest an intent on the part of the city to be bound by the policy provisions and that the plaintiff could not establish a property interest in continued employment because the personnel policy did not provide a definite term of employment. As a result, the district court held, the plaintiff failed "to overcome the presumption that he was an at-will employee." Finding that Beech was therefore not entitled to a pre-

termination hearing, the district judge granted the defendant's motion for summary judgment. From that determination, Beech now appeals.

## DISCUSSION

In this litigation, Beech contends that the city administrator of Lewisburg, acting in his official capacity, denied him his procedural due process right to a hearing prior to termination from city employment. In order to prevail on such a claim, Beech must prove both that he "had a definite liberty or property interest and that such interest was abridged without appropriate process." *LRL Props. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1108 (6th Cir. 1995). Both parties to this dispute agree that the plaintiff was afforded no formal hearing prior to his termination from the police force, despite a somewhat awkwardly phrased provision in the city's policy manual that "employees discharged for cause will be given notice of a hearing." The defendant contends, however, that no such hearing was required because Beech failed to establish that he in fact had a property interest in his government employment.

Federal courts have recognized that an individual may have a property interest in public employment. *See Gregory v. Hunt*, 24 F.3d 781, 784 (6th Cir. 1994) "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood*, 426 U.S. 341, 344 (1976) (footnotes omitted). In this case, state law is of little assistance to the plaintiff.

In *Brown v. City of Niota*, 214 F.3d 718, 721 (6th Cir. 2000), we noted that "Tennessee has long recognized the doctrine of employment at will, with the mutual right of either party to terminate such a relationship with or without cause." Nevertheless, "what would otherwise be an at-will contract may be modified by specific language which evidences an intent to modify the existent employment contract." *Shelby v. Delta Air Lines, Inc.*, 842 F. Supp. 999, 1006 (M.D. Tenn. 1993), *aff'd by* 19 F.3d 1434 (6th Cir. 1994). Beech now argues on appeal that the city's policy manual effected just such a change in his relationship with his employer. In particular, the plaintiff cites the court to the provision in the policy manual providing, mandatorily, that "employees discharged for cause *will* be given notice of a hearing." (Emphasis added.) Beech insists that use of the word "will" indicates that the city intended to bind itself to a requirement of a hearing in certain employment decisions. *See Brown*, 214 F.3d at 721 ("In cases where Tennessee courts have found an employment contract to exist, the employee handbook contained the mandatory terms 'shall' and 'will.'"). Unfortunately for the plaintiff, there are few if any other similar such references in the document that could be taken to give rise to an implied contract of employment.

Without question, there is "no clearer way for an employer to express its intent to be bound by a handbook's provisions than the employer's specific statement that the document represents the parties['] 'entire agreement of employment' and that the employer 'promises and agrees to abide by all its terms and conditions.'" *Reed v. Alamo Rent-A-Car Inc.*, 4 S.W.3d 677, 688 (Tenn. Ct. App. 1999). The question is whether the policy manual at issue in this case comes close enough to that model to create an implied contract of

employment that would entitle the plaintiff to whatever is meant by the "notice of a hearing" provision. We cannot say that it does, given the overall tenor of the document and its failure to make explicit any intent on the part of the employer to be bound by all of its terms and conditions.

However, unlike the district court, we are not convinced that the failure of the manual to include a definite term of employment is sufficient, without more, to establish that the plaintiff was an at-will employee under Tennessee state law. *See, e.g., Hooks v. Gibson*, 842 S.W.2d 625, 627 (Tenn. Ct. App. 1992) ("the mere fact that the plaintiffs' employment was for an indefinite term is not determinative.") Nevertheless, under Tennessee law it does raise a presumption at-will employment, *see Brown*, 214 F.3d at 722, and therefore constitutes some additional evidence that the plaintiff in this case did not have a property interest sufficient to establish a due process deprivation.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.